```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

UNITED STATES OF AMERICA

v.                                CRIMINAL ACTION NO. 2:19-00122

CHRISTIAN RYAN BOWLES

MEMORANDUM OPINION AND JUDGMENT ORDER

Pending before the court is defendant's proposed Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), filed on January 29, 2024, which the court construes as a motion for relief brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce defendant's sentence based on a subsequent reduction in the applicable sentencing guideline.

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points (other than status points) and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two

offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. By previous Order entered on February 2, 2024, this case was designated for expedited consideration pursuant to this court's Standing Order Adopting Procedures for Petitions Seeking Retroactive Application of the 2023 Criminal History Amendments.

The court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and addendum to the PSI from the Probation Office. The court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

By its written and filed response, the United States does not object to the reduction ordered herein.

Mr. Bowles was convicted of one count of possession with intent to distribute methamphetamine pursuant to a guilty plea entered on August 13, 2019. At the time of his original sentencing, he had eight criminal history points, six for prior criminal convictions, and two points added to his criminal

history points as he committed the offense of conviction while under a criminal justice sentence. These two additional points are known as status point. Eight criminal history points creates a Criminal History Category of IV. Mr. Bowles had, at the time of his judgment, a Total Offense Level of 29, with a Criminal History Category of IV, for a Guideline range of 121 to 151 months with a statutory mandatory minimum of 10 years. On November 26, 2019, the court imposed a sentence of 121 months to run consecutively to a 24-month sentence imposed for revocation of supervised release in criminal action 2:16-00101, to be followed by 5 years of supervised release.

Following implementation of Amendment 821, Mr. Bowles would not receive any status points and his criminal history score is now a six, which yields a lower Criminal History Category of III, resulting in an amended Guideline range of 120-135 months, inasmuch as a mandatory minimum of 120 months applies, it being further noted that pursuant to USSG §5G1.1(c)(2) "the sentence may be imposed at any point within the applicable guideline range, provided that the sentence is not less than any statutorily required minimum sentence." Consequently, the guideline range here, after the amendment, is 120 to 135 months.

Based on the foregoing considerations and considering the factors set forth in 18 U.S.C. § 3553(a), it is ORDERED that the Motion be, and it hereby is, GRANTED, and the Defendant's previous sentence be reduced to a period of 120 months on the offense of conviction to run consecutively to the 24 months imposed for the revocation of supervised release, which is not affected by the Amendment, with credit for time served to date. This Order is subject to the prohibition contained within U.S.S.G. §1B1.10(b)(2)(C). Except as otherwise provided, all provisions of the judgment entered December 2, 2019, shall remain in effect.

The court DIRECTS the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER: May 31, 2024

_____
John T. Copenhaver, Jr.
Senior United States District Judge